**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ARQUARIUS ROBERTSON, *et al.*,

Defendants.

2:13–cr–141–JAD–VCF

**REPORT & RECOMMENDATION**

This matter involves the United States of America's prosecution of Arquarius Robertson, Cortaz Robertson, and William Morrow for the armed robbery of a Garda armored car. (*See* Indict. (#1) at 1–2[1]). Before the court is Arquarius Robertson's motion to dismiss the Government's indictment (#40). Cortaz Robertson filed a joinder (#43). The Government filed an opposition (#56); and Robertson replied (#57). For the reasons stated below, Robertson's motion should be denied.

**BACKGROUND**

On December 14, 2009, a Garda armored car pulled up to the Palace Station casino in Las Vegas. (Def.'s Mot. to Dismiss (#40) at 3:5). The car parked by the northern entrance and one of the guards, Mr. Rivers, entered the casino to deliver new currency and retrieve a bag of mutilated cash. (*Id*. at 3:6–7). It was 8:45 a.m. (*Id*. at 3:5).

Rivers soon reemerged from the casino, carrying the bag of mutilated cash. (*Id*. at 3:8–9). Someone approached. It was Arquarius Robertson. He ordered Rivers to hand the cash over, and appeared to be carrying a semi-automatic shotgun. (*Id*. at 3:8–11). Another person, William Morrow,

[1] Parenthetical citations refer to the court's docket.

stood in the background, next to the driver's side door of a grayish Dodge Sebring, watching the event. (*Id*. at 3:12–14). He also had a gun. (Gov't's Opp'n (#56) at 2:3). Robertson took the cash, fired a warning shot, and drove off with Morrow and Cortaz Robertson in the grayish Dodge Sebring. (*Id*. at 2:11–13).

On April 17, 2013, Arquarius Robertson, Cortaz Robertson, and William Morrow were indicted on four counts. (Indict. (#1) at 1–4). Only two of the counts are relevant here. Count two charges defendants with conspiracy to use a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) and 2. Count four charges defendants with the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) and 2. On March 10, 2014, Arquarius Robertson filed the instant motion to dismiss, arguing that counts two are four are multiplicitous. (Def.'s Mot. to Dismiss (#40) at 5).[2]

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 12 governs pleadings and pretrial motions. Under Rule 12(b)(3)(A), a criminal defendant "must" move to dismiss the indictment before trial if there is an alleged "defect in instituting the prosecution." *See* FED. R. CRIM. P. 12(b)(3)(A); *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy

---

[2] Defendants' motion requests an oral argument. After reviewing the parties' papers, the court concludes that no hearing is necessary. 1A WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH § 194 at 442–43 ("A party is not entitled to a hearing on a [Rule 12] motion, but a court in its discretion may conduct a hearing before making its ruling."). Additionally, defendants' reply objects to the government's opposition, in part, because it refers to an aborted robbery that allegedly occurred the week before the instant robbery. (Def.'s Reply (#57) at 3:9, 6:8). No mention is made of the aborted robbery in the indictment. Here, the court's review is limited to the face of the indictment. Accordingly, the court disregards defendants' arguments regarding constructive variance and constructive amendment and limits its holding to what is stated on the indictment's face.

for any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also* FED. R. CRIM. P. 7(c). This means that an indictment is sufficient under the rules if the legal allegations are conclusory. *See id*; *accord United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("The indictment is sufficient if it charges in the language of the statute.").

When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. 1A WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH § 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). If the four corners of the indictment are sufficient, "the district court is bound by the . . . indictment." *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). If necessary, the court may make preliminary findings of fact to decide questions of law, such as jurisdiction. *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, the court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *Id.*; FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue").

When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g.*, *United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) ("[A] pretrial motion alleging a 'defect in the indictment' under [Rule] 12(b)(3)(B), represents the modern equivalent of a 'demurrer' because both pleadings serve to attack the facial validity of the indictment"); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

## DISCUSSION

Robertson's motion presents one question: whether counts two and four of the government's indictment should be dismissed as multiplicitous. Before addressing this question, the court begins its analysis of Robertson's motion by discussing multiplicitous counts under the Double Jeopardy clause.

### I. Multiplicitous Counts & Double Jeopardy

The Fifth Amendment's double jeopardy clause provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The concept of double jeopardy is one of the oldest western legal principles. *See Bartkus v. Illinois*, 359 U.S. 121, 151 (1959) (citing DIG. OF JUSTINIAN 48.2.7.2 (533)). It protects criminal defendants from four distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; (3) multiple punishments for the same offense; and, in certain circumstances, (4) a second prosecution for the same offence after a mistrial is declared. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982).

The third potential abuse—(i.e., multiple punishments for the same offense)—is implicated here. The prohibition against multiplicitous punishments serves two purposes. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). First, it ensures that the court's sentencing discretion is confined to the limits established by the legislature. *Id*. Second, it preserves the exclusive power of the legislature to prescribe crimes and determine punishments. *Id*. An indictment is multiplicative if the same offense **and** the same underlying facts that form the basis for that offense are used to support more than one count. *United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir. 1993) *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) (citing *United States v. Smith*, 924 F.2d 889, 894 (9th Cir. 1991)) (emphasis original).

## II. **Whether Counts Two and Four are Unconstitutionally Multiplicitous**

Robertson argues that counts two and four are multiplicitious because both rely on the same underlying facts: defendants' use of a gun to rob a Garda armored car on December 14, 2009. (*See* Def.'s Mot. to Dismiss (#40) at 5:4). The court disagrees for several reasons.

First, defendant's argument that counts two are four are multiplicitious because both rely on the same underlying facts is incorrect. Counts two and four rely on separate sets of facts. Count two is a conspiracy charge, which concerns planning, whereas count four is a substantive charge, which concerns the execution of a plan. *See United States v. Chhun*, 744 F.3d 1110, 1117 (9th Cir. 2014) (stating the elements of a criminal conspiracy charge.). Accordingly, count two states that "[b]eginning on a date unknown" Arquarius Robertson, Cortaz Robertson, and William Morrow "did agree and conspire together" to "knowingly use[] and carr[y] firearms" in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) and 2. (*See* Indict. (#1) at 1–2).[3] By contrast, count four is a substantive charge. The set of facts that count four relies on occurred on December 14, 2009, when defendants allegedly executed their conspiracy. (*Id*. at 3–4).

Second, even if defendants' factual argument were correct, which it is not, it is legally incorrect. When determining whether counts are multiplicitious, the Ninth Circuit, along with other circuits, requires that each section 924(c)(1) charge be based on a separate predicate offense, not separate sets of facts. *See Smith*, 924 F.2d at 894; *Castaneda*, 9 F.3d at 765; *United States v. Fontanilla*, 849 F.2d 1257, 1259 (9th Cir. 1988); *see also United States v. Henry*, 878 F.2d 937 (6th Cir. 1989); *United States v. Henning*, 906 F.2d 1392, 1399 (10th Cir. 1990). For instance, in *United States v. Lopez*, the Ninth Circuit stated, "[t]he argument that there were not two offenses is flawed because possession with intent

[3] Count two incorporates the allegations contained in count one. (*See* Indict. (#1) at 1 –2); (Def.'s Reply (#57) at 2:26).

to distribute and conspiracy are two separate offenses for section 924(c) purposes." *Lopez*, 37 F.3d 565, 570 (9th Cir. 1994) *vacated on other grounds*, 516 U.S. 1022 (1995). Here, the indictment ties each section 924(c) charge to a separate predicate offence. Count two ties a section 924(c) charge to a conspiracy offence whereas count four ties a section 924(c) charge to a substantive violation. (*See* Indict. (#1) at 2–3). This accords with Ninth Circuit law regarding section 924(c) and Rule 12's requirements governing indictments.

Third, looking beyond the context of section 924(c) charges, the Supreme Court has held that a substantive crime and a conspiracy to commit that crime are not the multiplicitious for double jeopardy purposes. *United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994) (citing *United States v. Felix*, 503 U.S. 378, 388 (1992)). Here, defendants take the position that the substantive crime and the conspiracy to commit that crime are multiplicitious for double jeopardy purposes. (*See generally* Def.'s Mot. to Dismiss #40). The Supreme Court's decision in *Felix* forecloses this argument.

Accordingly, the court concludes that counts two and four are not multiplicitious and were appropriately charged. Defendants' arguments to the contrary are unavailing. Defendants primarily rely on two nonbinding cases, *United States v. Wilson*, 160 F.3d 733, 736 (D.C. Cir. 1998) and *United States v. Finley*, 245 F.3d 199, 206–07 (2d Cir. 2001), for the proposition that counts two and four are multiplicitious because the *Wilson* and *Finley* courts determined that two section 924(c) convictions were multiplicitious. A charge is not a conviction.

For instance, in *United States v. Andrade*, the Honorable Andrew P. Gordon, United States District Judge, dismissed one of the defendants' two section 924(c) convictions because Judge Gordon found that section 924(c) only supported one sentencing enhancement where, as here, there was only one use of a firearm. *United States v. Andrade*, — F. Supp. 2d —, 2014 WL 61967, at *14 (D. Nev. 2014) (J. Gordon). This appears to be at the heart of defendants' concern. (*See* Def.'s Mot. (#40) at 5:9–

18).

At this stage of proceedings, sentencing concerns are premature. It is possible that defendants will be convicted on both section 924(c) charges; but it is equally possible that they will be convicted on only one or neither charge. Accordingly, Defendants' sentencing concern is not relevant to the court's Rule 12 inquiry. *See id.* at *12 ("The Court declined to dismiss Count Four at the pre-trial stage because it was appropriately **charged**. However, the procedural posture of this case has changed because the jury now has **convicted** the Defendants. Therefore, the Court must determine whether the two convictions are duplicative as a matter of law, while respecting the jury's factual findings and guilty verdicts.") (emphasis original).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Robertson's motion to dismiss (#40) be DENIED.

IT IS FURTHER RECOMMENDED that Robertson's joinder (#43) be DENIED.

IT IS SO RECOMMENDED.

DATED this 11th day of June, 2014.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE