**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Arquarius Robertson, Cortaz Robertson, and William "Will" Morrow,<br><br>　　　　Defendants. | Case No. 2:13-cr-141-JAD-VCF<br><br>**Order Overruling Objections to Report and Recommendation and Denying Motion to Dismiss Count 4 of the Indictment**<br>**[Docs. 40, 43, 60, 67, 68]** |

　　　Defendants Arquarius Robertson, Cortaz Robertson, and William Morrow are charged with the armed robbery of the Palace Station Casino in Las Vegas, Nevada, and conspiracy to commit that robbery. Doc. 1. To each of these charges, the government has tied an 18 U.S.C. § 924(c) firearm count. *Id*. Defendant Arquarius Robertson moves to dismiss the second 924(c) charge (count 4) as duplicative of the 924(c) charge in count 2 and a violation of double jeopardy. Doc. 40. Magistrate Judge Ferenbach recommends denying the motion and Cortaz Robertson's request to join in it[1] because the two charges rely on separate sets of facts and predicate offenses, and the determination that a conviction would be multiplicitous is premature because the scope of evidence the government will introduce at trial remains to be seen. Doc. 60. Both Robertsons object. Docs. 67, 68.

　　　Having reviewed the Report and Recommendation ("R&R") *de novo*, I overrule all of Arquarius Robertson's objections and adopt Magistrate Judge Ferenbach's findings and

---

[1] Doc. 43.

recommendations with the lone exception of granting Cortaz Robertson's joinder request because I sustain one of his objections on a technical matter that does not undermine the soundness of Judge Ferenbach's ruling, and I deny the motion to dismiss count 4.

**Discussion**

**A.     Review of a Magistrate Judge's Challenged Report and Recommendation.**

When a Magistrate Judge recommends disposition of a motion to dismiss an indictment, "[t]he magistrate judge must enter on the record a recommendation for disposing of the matter, including any proposed findings of fact."[2] To dispute the recommendation, a party has 14 days to "serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review."[3] The district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*[4] and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5] Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[6] The standard of review for unobjected-to portions of the report and recommendation is left to the district judge's discretion.[7] As Arquarius Robertson's objections are essentially a reurging of the arguments in his motion, my *de novo* review of his objections results in a *de novo* review of the motion itself.

---

[2] Fed. R. Crim. P. 59(b)(1).

[3] *Id.*

[4] Fed. R. Crim. P. 59(b)(3).

[5] *Id.*

[6] *Id.*; *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey*, and nothing that "generalized objections" do not require *de novo* review).

[7] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

**B.     Arquarius Robertson's Objections**

Defendant Arquarius Robertson moves under Federal Rule of Criminal Procedure 12(b)(3) to dismiss the 924(c) firearm charge in count 4 of his indictment as duplicative of the 924(c) charge in count 2. Doc. 40. He objects to the recommendation that I deny that motion by disputing as "error" Magistrate Judge Ferenbach's finding that the charges are factually distinct. Doc. 67. Arquarius Robertson argues that the conspiracy and robbery charges are based on a single robbery on December 14, 2009, and cannot support two 924(c) counts. *Id*. at 4. He also criticizes the magistrate judge's reliance on 924(c) cases in the drug trafficking context, asserting that the analysis differs for violent crimes. *Id*. at 6-8. The government contends that Robertson's focus on the facts is misplaced because the test for double jeopardy is whether the charges are based on the same *predicate offense*, not the same *facts*. Doc. 70 at 4. And it distinguishes Robertson's extrajurisdictional case law on the facts and highlights the postural differences when analyzing this issue in connection with *charges* versus *convictions*. *Id*. at 5-6. I am not persuaded by Robertson's arguments, and I overrule his objections.

*1.     The 924(c) counts rely on different facts.*

Arquarius Robertson first objects that Magistrate Judge Ferenbach erred in concluding that the 924(c) charges are factually distinct because the conspiracy charge (to which count 2 is attached) arises from conduct "[b]eginning on a date unknown, and continuing through . . . December 14, 2009," while the robbery charge (to which count 4 is tied) covers only December 14, 2009. *See* Doc. 1 at 2-3; Doc. 60 at 5; Doc. 67 at 4. My review of the indictment confirms this temporal distinction between the conspiracy charge and the Hobbs Act robbery charge. Doc. 1 at 2-3. This language suggests that the conspiracy charge is based, in part, on acts that predate December 14th, distinguishing it from the robbery count, which is limited to acts on December 14th. Indeed, the government notes in its oppositions to both the motion and the objections that, at trial, it plans to introduce evidence of conduct

occurring a week before the December 14th robbery.  Docs. 56, 70.[8]

But it is not only the predicate-offense charges that contain this differentiating language: the 924(c) counts do, too.  Count 2 alleges use of a firearm "[b]eginning on a date unknown, and continuing through . . . December 14, 2009," while count 4 alleges use only on December 14th.  Doc. 1 at 3-4.  The timeline—and thus, the set of facts—on which these offenses is different and makes these charges factually distinct, as Magistrate Judge Ferenbach concluded.  Doc. 60 at 5.

### *2.    The predicate offenses are distinct.*

More important to this discussion and the determination of whether count 4 should be dismissed as multiplicitous is that the 924(c) counts are based on legally distinct predicate offenses.  The double jeopardy clause protects a criminal defendant from being punished or prosecuted more than once for the same offense.[9]  As the Ninth Circuit explained in *United States v. Castaneda* and its progeny, "[a]n indictment is multiplicative if the same offense *and* the same underlying facts that form the basis for that offense are used to support more than one firearm count."[10]  Under this conjunctive test, overlapping facts are not enough; the elements of the predicate offenses must also be the same.[11]

As Judge Ferenbach correctly concluded, the predicate offenses in this case—Hobbs Act robbery and conspiracy to commit Hobbs Act robbery—are legally distinct crimes.  The Ninth Circuit has recognized that conspiracy and commission of a specific crime are separate predicate offenses for purposes of 924(c) charges,[12] and that conspiracy and the substantive

---

[8] I note this anticipated evidence only because the government's disclosure of its plan to introduce it supports my conclusion that the broader language used in counts 1 and 2 suggests that the evidence of the conspiracy and the related 924(c) offense will relate to conduct that predates the December 14, 2009, robbery.

[9] *See Witte v. United States*, 515 U.S. 389, 396 (1995).

[10] *United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir. 1993), *overruled on other grounds*, 225 F.3d 1053 (9th Cir. 2000) (emphasis in original).

[11] *See, e.g.*, *id.*; *Blockburger v. United States*, 284 299 (1932).

[12] *United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994); *United States v. Lopez*, 37 F.3d 565, 570 (9th Cir. 1994), *vacated on other grounds*, 516 U.S. 1022 (1995).

1  offenses under the Hobbs Act do not merge.[13]  As the gun charges in this indictment are
2  independently tied to these separate crimes of violence,[14] they were adequately pled.
3  Dismissal is not appropriate.

### *3.*     *The Magistrate Judge properly relied on Ninth Circuit authority.*

Arquarius Robertson also criticizes Magistrate Judge Ferenbach's reliance on Ninth Circuit cases evaluating multiple 924(c) counts in drug trafficking cases while "mak[ing] short shrift of the cases that hold to the contrary in the crime of violence context." Doc. 67 at 5. Robertson cites the D.C. Circuit's opinion in *United States v. Wilson*.[15] The *Wilson* defendant was charged with and convicted of, *inter alia*, killing a witness with intent to prevent him from testifying and retaliating against a witness, along with two counts of using a firearm during and in relation to a crime of violence tied to those charges. He challenged his conviction on the second 924(c) count, arguing that it was unfair to convict him of two gun offenses when the gun had but a single use.[16] Although the court acknowledged that the statute permits the convictions on both counts "because there [we]re two predicate offenses that purportedly give rise to two 924(c) violations," it applied "the rule of lenity" and other principles articulated by the D.C. Circuit in *United States v. Anderson*[17] and vacated one of the 924(c) convictions "[b]ecause there was only one use of the firearm."[18] The *Wilson* court recognized, however, that two 924(c) charges might stand when "for example, the evidence shows distinct uses of the firearm, first to intimidate and then to kill," but those were not

---

[13] *United States v. Freeman*, 6 F.3d 586, 601 (9th Cir. 1993) (citing *Carbo v. United States*, 314 F.2d 718, 733 & n.17 (9th Cir. 1963)).

[14] *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993).

[15] 160 F.3d 732 (D.C. Cir. 1998).

[16] 160 F.3d at 748-49.

[17] 59 F.3d 1323, 1333 (1995).

[18] 160 F.3d at 749.

*Wilson*'s facts: there was "no distinction in time or place."[19]  In Robertson's case, the conspiracy and attendant 924(c) charges allege conduct that spans a larger time frame than the robbery charge and the 924(c) charge tied to it.  *See* Doc. 1.  Thus, depending on the evidence presented at trial, the jury may be presented with the situation contemplated by the *Wilson* exception.  *Wilson* and *Anderson*, therefore, do not compel dismissal of the second 924(c) charge.

The Second Circuit's decision in *United States v. Finley*[20] similarly requires no different conclusion.  Robertson's citation to this drug-trafficking case undermines his criticism of Judge Ferenbach's reliance on similar Ninth circuit cases.  *Finley*'s holding is also inconsistent with the Ninth Circuit's decision in *Castenada*, 9 F.3d at 765, which controls here.  And *Finley* is factually distinguishable for the same reason *Wilson* is: the facts at trial revealed "the predicate offenses were simultaneous or nearly so" because they both "occurred" at the same "moment." *Finley*, 245 F.3d at 207 & n.5.  Because the government has pled a conspiracy count against Robertson and his co-defendants with a longer—potentially a week or more longer—temporal factual basis than the robbery count, it cannot currently be concluded that these predicate offenses are simultaneous or nearly so.

In sum, the Magistrate Judge properly relied on Ninth Circuit cases instead of crediting *Wilson* and *Finley* when making his recommendations.  Arquarius Robertson's objections are overruled.

**B.   Cortaz Robertson's Objections [Doc. 68]**

Defendant Cortaz Robertson seeks to join in Arquarius Robertson's objections and offers two more of his own.  He argues that page 2, line 3 of the R&R mistakenly indicates that the government's opposition places him in the getaway car.  Doc. 68 at 2.  Even the government concedes it made no such representation.  Doc. 70 at 3 n.1.  Accordingly, I sustain this objection, and my adoption of the R&R does not include the phrase "and Cortaz

---

[19] *Id*.

[20] 245 F.3d 199 (2d Cir. 2001).

Robertson" in line 3 of page 2.

Cortaz Robertson also objects to Judge Ferenbach's denial of his motion for joinder in the motion to dismiss count 4, which he claims to require in order to "effectively preserve the record" and for the purposes of "judicial economy."  Doc. 68 at 2.  Although such motions are routinely granted, Judge Ferenbach denied this one without discussion and likely because he was denying the underlying motion to dismiss.  Because I have considered—and sustained—Cortaz Robertson's objection to the finding about his presence in the getaway car, I find that it is appropriate to grant his request to join in the motion to dismiss, and I sustain the objection to the recommendation that the joinder request be denied.  The joinder does nothing to dissuade me from following Magistrate Judge Ferenbach's recommendation to deny Arquarius Robertson's motion to dismiss count 4.  I also grant Cortaz Robertson's request to join in Arquarius Robertson's objections to the R&R.  Doc. 68.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Ferenbach's Report and Recommendation **[Doc. 60] is adopted** to the extent it is consistent with this order; Defendant Cortaz Robertson's Motion to Join in Arquarius Robertson's Motion to Dismiss Count Four of the Indictment as Multiplicitous **[Doc. 43] is GRANTED**; and the Motion to Dismiss Count Four **[Doc. 40] is DENIED**.

DATED: October 6, 2014.

_____
Jennifer A. Dorsey
United States District Judge